SCOTT N. SCHOOLS (South Carolina Bar No. 9990)
United States Attorney
JOANN M. SWANSON (California Bar No. 88143)
Chief, Civil Division
LETITIA R. KIM (California Bar No. 200142)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7181
Facsimile: (415) 436-6748
Email: letitia.r.kim@usdoj.gov

Attorneys for Defendant
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STEVEN H. SCHROEDER; HENRY SCHROEDER (a.k.a. STEVEN HENRY SCHROEDER), <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Case No. C 06-4498 WHA <br><br> SETTLEMENT AGREEMENT AND [PROPOSED] ORDER |

**SETTLEMENT AGREEMENT**

Plaintiffs Steven H. Schroeder and Steven Henry Schroeder, and defendant United States of America (collectively, the "Parties") hereby enter into this Settlement Agreement (the "Agreement"), as follows:

1. The Parties hereby agree to settle and compromise all claims asserted by plaintiffs in *Steven H. Schroeder, et al. v. United States of America*, United States District Court for the Northern District of California, Case No. C 06-4498 WHA (the "Lawsuit"), under the terms and conditions set forth herein.

2. The defendant agrees to pay plaintiffs the sum of Fifty Thousand Dollars

Sett. Agr. & [Prop.] Order
Case No. C 06-4498 WHA                    -1-

1  ($50,000.00) (the "Settlement Amount") in full settlement of the claims asserted in the Lawsuit
2  and any and all liability, claims, causes of action, demands, and rights of whatsoever kind and
3  nature (including any claim for wrongful death), which arise or may arise from the same subject
4  matter that gave rise to the Lawsuit. Payment of the Settlement Amount will be made by check
5  payable to "Lamphere Law Offices." Payment of the Settlement Amount may take sixty days or
6  more to process, but the defendant agrees to make good faith efforts to expeditiously process the
7  payment.

8      3.    In consideration of payment of the Settlement Amount, plaintiffs agree that upon
9  notification that the settlement check is ready for delivery, their counsel will deliver to defense
10 counsel a fully executed stipulation for dismissal of the lawsuit, with prejudice. Upon receipt of
11 the executed stipulation for dismissal, defense counsel will release the settlement check to
12 plaintiffs' counsel and upon receipt of same by plaintiffs' counsel, defendant will file the stipulation for dismissal.

13     4.    In consideration of payment of the Settlement Amount, plaintiffs and their heirs,
14 executors, administrators, and assigns hereby release and forever discharge the United States of
15 America and any and all of its past and present officials, employees, agencies, agents, attorneys,
16 successors, and assigns from any and all obligations, damages, liabilities, actions, causes of
17 action, claims, and demands of any kind and nature whatsoever, whether suspected or
18 unsuspected, at law or in equity, known or unknown (including any claim for wrongful death),
19 which arise or may arise from the same subject matter that gave rise to the Lawsuit.

20     5.    In consideration of payment of the Settlement Amount, plaintiffs and their heirs,
21 executors, administrators, and assigns further agree to reimburse, indemnify, and hold harmless
22 the United States of America, its agencies, agents, servants, and employees from any and all such
23 causes of action, claims, liens, rights, or subrogated or contribution interests incident to or
24 resulting from further litigation or the prosecution of the claims alleged in the Lawsuit by
25 plaintiffs or their heirs, executors, administrators, or assigns against any third party or against the
26 United States of America, including any future claim for wrongful death.

27     6.    California Civil Code Section provides as follows:
28         A general release does not extend to claims which the creditor does

Sett. Agr. & [Prop.] Order
Case No. C 06-4498 WHA         -2-

> not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Plaintiffs, having been apprised of such language by their attorney, and fully understanding the same, nevertheless waive the benefits of any and all rights they may have pursuant to Section 1542 and any similar provisions of federal law. Plaintiffs understand that, if the facts concerning their injuries or the facts concerning the liability of the United States of America, its agencies, agents, servants or employees for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed to be true, this Agreement shall be and remain effective notwithstanding such difference.

7. This Agreement shall not constitute an admission of liability or fault on the part of the United States of America, its agencies, agents, servants, or employees, for the liability alleged in the Lawsuit, and is entered into by and between the Parties for the purpose of compromising disputed claims and avoiding the expenses and risks of litigation.

8. This Agreement may be pled as a full and complete defense to any subsequent action or other proceeding involving any person or party which arises out of the claims released and discharged by this Agreement.

9. The Settlement Amount represents the entire amount of the compromise settlement between the Parties. The Parties will each bear their own costs, attorneys' fees, and expenses, and any attorneys' fees or liens owed by plaintiffs will be paid out of the Settlement Amount and not in addition thereto.

10. It is also understood by plaintiffs that, pursuant to Title 28, Section 2678 of the United States Code, attorneys' fees for services rendered in connection with this Lawsuit shall not exceed 25 percent of the Settlement Amount.

11. The Parties agree that should any dispute arise with respect to the implementation of the terms of this Agreement, plaintiffs shall not seek to rescind the Agreement and pursue their original causes of action. Plaintiffs' sole remedy in such a dispute is an action to enforce the settlement in the United States District Court. The parties agree that the United States District Court will retain jurisdiction over this matter for purposes of resolving any dispute alleging a

| | |
|---|---|
| 1 | breach of this Agreement. |
| 2 | 12. This instrument shall constitute the entire agreement between the Parties, and it is expressly understood and agreed that this Agreement has been freely and voluntarily entered into by the Parties with the advice of counsel, who have explained the legal effect of this Agreement. The Parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Agreement. This Agreement may not be altered, modified, amended, or otherwise changed in any respect except by writing, duly executed by the Parties and their authorized representatives. |

DATED: 4-27-07

*/s/ Steven H. Schroeder*
STEVEN H. SCHROEDER

DATED: 4-27-07

*/s/ Henry Schroeder*
HENRY SCHROEDER

DATED: 4-27-07

LAMPHERE LAW OFFICES

*/s/ Michael O. Lamphere*
MICHAEL O. LAMPHERE
Attorneys for Plaintiffs

DATED: 4-27-07

SCOTT N. SCHOOLS
United States Attorney

*/s/ Letitia R. Kim*
LETITIA R. KIM
Assistant United States Attorney
Attorneys for Defendant

Sett. Agr. & [Prop.] Order
Case No. C 06-4498 WHA

-4-

## ~~[PROPOSED]~~ ORDER

The above Settlement Agreement is APPROVED and SO ORDERED.
The Court shall retain jurisdiction to enforce this agreement for 90 days from the date of this order.

Dated: April 30, 2007



WILLIAM H. ALSUP
United States District Judge

Sett. Agr. & ~~[Prop.]~~ Order
Case No. C 06-4498 WHA            -5-